UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 05-10127-DPW |
| v. | ) |
| JOHN AUGUSTAVE, ET AL., <br> Defendants | ) |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, hereby files this motion for a protective order. The government respectfully requests that the Court enter the attached order preventing disclosure of wiretap materials except as necessary for the defendants to prepare their defenses. As grounds for this motion, the government states as follows:

A. Background

1. On November 25, 2002, the Honorable Richard G. Stearns, U.S. District Court Judge for the District of Massachusetts, signed an order authorizing the interception of wire communications over telephone number (617) 839-5315 (the "Target Telephone"), a Nextel cellular telephone subscribed to William Sanchez and used by Marque Lyttle, a.k.a. "Q" and "Key." On December 6, 2002, the Honorable Douglas P. Woodlock, U.S. District Judge for the District of Massachusetts, signed an amended order authorizing the interception of wire communications over the Target Telephone. On September 12, 2003, the Honorable Rya W. Zobel, U.S. District Court Judge for the District of Massachusetts, signed an order authorizing the interception of wire communications over telephone number (617) 839-5315 ("Target Telephone #1"), a Nextel cellular telephone subscribed to William Sanchez and used by Marque Lyttle, a.k.a. "Q" and "Key." On

October 23, 2003, the Honorable Rya W. Zobel signed an order authorizing the continued interception of wire communications over Target Telephone #1. On November 25, 2003, the Honorable Douglas P. Woodlock, U.S. District Court Judge for the District of Massachusetts, signed an order authorizing the interception of wire communications over telephone number (339) 298-9175 ("Target Telephone #2"), a Sprint PCS cellular telephone subscribed to and used by John Augustave, a.k.a. "John Augustine," "Drop," and "D."

2. Pursuant to 18 U.S.C. § 2518(8)(b), the above-referenced intercept orders, along with the related applications and affidavits, were ordered sealed by the respective judges who entered the orders. In addition, pursuant to 18 U.S.C. § 2518(8)(a), following expiration of the above-referenced orders, magneto-optical disks containing the recordings of communications intercepted pursuant to the above-referenced orders were sealed before the Court. The applications, affidavits, interception orders, sealing orders, and disks remain sealed.

3. On May 25, 2005, a sealed indictment was returned by a federal grand jury charging (1) JOHN AUGUSTAVE, a.k.a. "John Augustine," "Drop," and "D"; (2) MARQUE LYTTLE, a.k.a. "Key" and "Q"; (3) GLENN BETTS, a.k.a. "G"; (4) CAREY PRICE; (5) MARK LANCE JONES; (6) EDWARD CEFALO, a.k.a. "Eddie" and "E"; (7) EDU MASSILLON, a.k.a. "Du"; and (8) MICHELLE EVANS, a.k.a. "Michelle Kalousdian" with conspiracy to distribute cocaine and cocaine base, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, and related offenses. The indictment, which has been docketed as Criminal No. 05-10127-DPW, arose in substantial part from wire communications intercepted pursuant to the above-referenced intercept orders. On June 29, 2005, four of the eight above-named individuals were arrested and brought to the United States District Court in Boston for their initial appearances and

the indictment was unsealed. A fifth defendant was arrested on June 30, 2005. The government has moved for permission to disclose the wiretap materials to counsel for the above individuals and to waive the statutory 10-day period in order to allow the government to use intercepted communications during the detention hearings.

    B.   Request for Protective Order

3. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6, the government requests that this Court issue the attached protective order to ensure that the materials disclosed to defense counsel will be used solely for the limited purpose of enabling each defendant to prepare a defense and will not be further disclosed or disseminated. The reasons for the government's request are as follows.

4. **Further disclosure or dissemination of the wiretap materials would jeopardize any further investigation.** Some of the individuals named or referenced in the intercept orders, the related applications and affidavits, the intercepted conversations, and the preliminary transcripts ("line sheets") have not been arrested and may continue to be targets or subjects of federal and/or state investigations. Further disclosure or dissemination of the wiretap materials could jeopardize any further investigation by, among other things, leading subjects and targets of the investigations to change phones, go into hiding, or flee.

5. **Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of cooperating individual.** Some of the wiretap materials contain references to a cooperating individual who assisted in the investigation. Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of that cooperating individual by potentially revealing the true identity to individuals who might wish to harm that person.

6. **Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of non-defendants.** One important purpose of the stringent secrecy and sealing requirements contained in the federal wiretap statute, 18 U.S.C. §§ 2510-2522, is to maximize the privacy of individuals mentioned in wiretap documents and/or intercepted pursuant to a wiretap order. Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of those individuals and therefore defeat one of the statute's most important purposes.

WHEREFORE, the government respectfully requests that the Court issue the attached proposed protective order for the reasons stated herein.

Respectfully submitted,

MICHAEL J. SULLIVAN<br>
United States Attorney

By:   s/Michael J. Pelgro<br>
Michael J. Pelgro<br>
Assistant U.S. Attorney

DATED:     July 6, 2005.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for a Protective Order will be served by hand or first class mail on all counsel of record in this matter once they are appointed or retained.

 s/Michael J. Pelgro<br>
Michael J. Pelgro<br>
Assistant U.S. Attorney

DATED:     July 6, 2005.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                                    |   )                                |
|------------------------------------|------------------------------------|
| **UNITED STATES OF AMERICA**       | ) CRIMINAL NO. 05-10127-DPW        |
|                                    | )                                  |
| v.                                 | )                                  |
|                                    | )                                  |
| **JOHN AUGUSTAVE, ET AL.,**        | )                                  |
| **Defendants**                     | )                                  |
|                                    | )                                  |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "wiretap materials" means all applications, supporting documents (including affidavits), and orders made or issued in connection with court-authorized electronic surveillance; all recordings, written summaries, preliminary transcripts (or "linesheets") and final transcripts made pursuant to those orders; and the "contents" of the above-enumerated items as that term is defined in 18 U.S.C. § 2510(8). The term "contents" includes, but is not limited to, any transcripts, summaries, extracts, or verbatim accounts contained in any transcripts, memoranda, or affidavits prepared by any party or other person in connection with this case.

2. Except as provided below, defendants and their respective counsel of record shall make no disclosure of wiretap materials to any other person.

3. Consistent with the terms of this Order, wiretap materials may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel

of record in the pending case; (3) a counsel of record's partners, associates, paralegals, and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a recording or its contents to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

    4.    Counsel of record for the defense shall not make any disclosure as provided in paragraph 3 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order.  Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

    5.    Upon the termination of these proceedings, all wiretap materials shall be returned forthwith to the United States or to the Court absent further Court order to the contrary.

6. A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

_____
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS


Dated: _____

## **PROTECTIVE ORDER**

**Criminal No. 05-10127-DPW**

| | |
|---|---|
| _____ | _____ |
| Michael J. Pelgro | Date |
| Assistant U.S. Attorney | |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |
| | |
| _____ | _____ |
| | Date |

| | |
|---|---|
| _____ | _____ |
| | Date |
| _____ | _____ |
| | Date |
| _____ | _____ |
| | Date |
| _____ | _____ |
| | Date |
| _____ | _____ |
| | Date |