

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                          *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

August 11, 2005

Odin P. Anderson, Esquire
Anderson & Associates, PC
Four Longfellow Place, Suite 302
Boston, MA 02114

    Re:   <u>United States v. Michelle Evans</u>
         Criminal No. 05-10127-DPW

Dear Mr. Anderson:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    There are no relevant written statements of the defendant Michelle Evans in the possession, custody or control of the government, which are known to the attorney for the government.

    b.   <u>Recorded Statements</u>

    Consensual audio and video recordings were made of telephone conversations and personal meetings involving the co-defendants. These recordings are reflected in the DEA reports that are enclosed with this letter and that are available for your review at the United States Attorney's Office.  A set is being sent to The Duplicating Center in Boston and you will be authorized to purchase a copy of any of the audiotapes and videotapes that are mentioned in the reports enclosed with this letter.  The consensual recordings and videotapes are more fully described in

the index attached to this letter.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

Defendant Michelle Evans made oral statements on December 10, 2003 to a person who was known to her to be police officers. These statements were made in connection with a stop of the defendant's automobile after she met with co-defendant John Augustave in Somerville. The government is unaware at this time of any other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

You received a copy of the defendant's prior criminal record from the Pretrial Services Department. Please let me know if you need a duplicate copy.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents, and tangible items which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

These items are reflected in the DEA reports that are enclosed with this letter. They include the consensual recordings, the intercepted calls, transcripts of the consensual recordings and intercepted calls, the consensual videotapes, the drugs purchased and/or seized from the defendants, photographs, maps, and charts.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Copies of the DEA-7 reports concerning chemical analyses of the drugs purchased and/or seized from the defendants are enclosed with this letter. The government may call one or more

DEA forensic chemists during its case-in-chief.

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

No federal search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Wire communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance.

On November 25, 2002, the Honorable Richard G. Stearns, U.S. District Court Judge for the District of Massachusetts, signed an order authorizing the interception of wire communications for 30 days over telephone number (617) 839-5315 (the "Target Telephone"), a Nextel cellular telephone subscribed to William Sanchez and used by Marque Lyttle, a.k.a. "Q" and "Key."  On December 6, 2002, the Honorable Douglas P. Woodlock, U.S. District Judge for the District of Massachusetts, signed an amended order authorizing the interception of wire communications over the Target Telephone.

On September 12, 2003, the Honorable Rya W. Zobel, U.S. District Court Judge for the District of Massachusetts, signed an order authorizing the interception of wire communications for 30 days over the Target Telephone.  On October 23, 2003, the Honorable Rya W. Zobel signed an order authorizing the continued interception of wire communications for 30 days over the Target Telephone.

On November 25, 2003, the Honorable Douglas P. Woodlock, U.S. District Court Judge for the District of Massachusetts, signed an order authorizing the interception of wire communications for 30 days over telephone number (339) 298-9175, a Sprint PCS cellular telephone subscribed to and used by John Augustave, a.k.a. "John Augustine," "Drop," and "D."

The government intends to offer communications of the

defendant intercepted pursuant to these orders as evidence in its case-in-chief.  The government has previously provided you with copies of the applications, supporting affidavits, orders, and sealing orders in connection with these three wiretaps (Bates-stamped numbers 01-452).  The government is sending to The Duplicating Center four compact discs containing the intercepted calls and the line sheets summarizing the calls; you will be authorized to purchase any of the discs.  The compact discs containing the intercepted calls and line sheets are more fully described in the index attached to this letter.

D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)

Written descriptions of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and/or oral communications, relating to the charges contained in the indictment and made with the consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief, are contained in the DEA reports that are enclosed with this letter.

The conversations on these tape recordings are primarily in English.  As stated above, the government intends to introduce these recordings and transcripts of the recordings during its case-in-chief.  The consensual recordings are more fully described in the index attached to this letter.

E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

F.    Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in, or memorializing the identification procedure.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.   The DEA has paid sums of money and has provided other promises, rewards, or inducements to a cooperating witness whom the government anticipates calling in its case-in-chief. The government will provide you with a break-down of the payments made to the CW, and a further description of any other promises, rewards, or inducements, in a separate letter to you. The government declines at this time to disclose the identity of the cooperating witness on the ground that such disclosure at this time would be detrimental to the interests of justice.

4.   The government is aware that the cooperating witness referred to above has a criminal record. The government will provide you with more specific information in a separate letter.

5.   The government is unaware that the cooperating witness has any criminal cases pending.

6.   No percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The times, dates, and places at which the alleged offenses were committed is set forth in the indictment in this case and more specifically in the DEA reports that are enclosed with this letter.

In order to assist you in your preparation of this case, the government is agreeing to the early release of certain Jencks Act materials.  Those materials consist primarily of DEA and other law enforcement reports as well as handwritten statements of the cooperating witness and they are Bates-stamped starting with number 453.

Please call the undersigned Assistant U.S. Attorney if you have any questions about these materials or if you need any further discovery.

>Very truly yours,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:
>　 /s/Michael J. Pelgro
>　Michael J. Pelgro
>　Glenn A. MacKinlay
>　Assistant U.S. Attorneys

Enclosures

cc: Dianalynn Saccoccio
    Clerk to the Honorable Marianne B. Bowler
    (w/o enclosures)

<u>United States v. John Augustave, et al.</u>
Criminal No. 05-10127-DPW

**Index of Consensual Recordings, Videotapes, and Title III Intercepts**

| | | | |
|---|---|---|---|
| 1. | 7/29/01 | N-5 | Attempted telephone call to Edward Cefalo. |
| 2. | 7/29/01 | N-6 | Four tapes of in-person meeting with Edward Cefalo. |
| 3. | 9/29/01 | N-7 | In-person meeting with Edward Cefalo. |
| 4. | 11/2/01 | N-10 | In-person meeting with Edward Cefalo. |
| 5. | 11/6/01 | N-12 | In-person meeting with Edward Cefalo. |
| 6. | 11/6/01 | N-13 | In-person meeting with Edward Cefalo and 3 telephone conversations with Marque Lyttle. |
| 7. | 11/15/01 | N-14 | In-person meeting with Marque Lyttle. |
| 8. | 2/26/02 | N-17 | In-person meeting with Edward Cefalo. |
| 9. | 2/27/02 | N-18 | In-person meeting with Edward Cefalo. |
| 10. | 2/27/02 | N-19 | Multiple telephone conversations with Marque Lyttle. |
| 11. | 2/28/02 | N-20 | Telephone conversation with Marque Lyttle. |
| 12. | 2/28/02 | N-21 | Telephone conversation with Marque Lyttle. |
| 13. | 2/28/02 | N-22 | In-person meeting with Marque Lyttle. |
| 14. | 3/14/02 | N-26 | Telephone conversations with Marque Lyttle. |
| 15. | 3/15/02 | N-27 | Telephone conversations with Marque Lyttle. |
| 16. | 3/20/02 | N-28 | Telephone conversations with Marque Lyttle. |
| 17. | 3/21/02 | N-29 | Telephone conversations with Marque Lyttle. |
| 18. | 3/21/02 | N-30 | In-person meeting with Marque Lyttle. |
| 19. | 7/02 | N-31 | Telephone conversations with Marque Lyttle. |
| 20. | 7/17/02 | N-32 | In-person meeting with Marque Lyttle. |

| | | | |
|---|---|---|---|
| 21. | 7/09/02 | N-33 | In-person meeting with Carey Price. |
| 22. | 7/02 | N-34 | Multiple telephone conversations with Carey Price, Edward Cefalo, and Marque Lyttle. |
| 23. | 7/09/02 | N-35 | In-person meeting with John Vieira. |
| 24. | 10/02 | N-36 | Multiple telephone conversations with Marque Lyttle. |
| 25. | 12/13/02 | N-37 | Videotape of in-person meeting with Marque Lyttle. |
| 26. | 12/13/02 | N-38 | In-person meeting with Marque Lyttle. |
| 27. | 12/18/02 | N-39 | Videotape of in-person meeting with Marque Lyttle. |
| 28. | 12/18/02 | N-40 | In-person meeting with Marque Lyttle. |
| 29. | 11-12/02 | N-41 | Compact disc of intercepted calls, and related line sheets, over Marque Lyttle's cellular telephone from 11/26/02 to 12/24/02. |
| 30. | 1/2/03 | N-42 | In-person meeting with Mark Lance Jones. |
| 31. | 1/2/03 | N-43 | Telephone conversation with Carey Price. |
| 32. | 1/16/03 | N-44 | Telephone conversation with Carey Price. |
| 33. | 1/16/03 | N-45 | In-person meeting with Carey Price and Mark Lance Jones. |
| 34. | 1/16/03 | N-46 | Attempted telephone conversation with Marque Lyttle. |
| 35. | 1/23/03 | N-47 | Telephone conversation with Marque Lyttle. |
| 36. | 2/03 | N-48 | Telephone conversation with Carey Price. |
| 37. | 2/03 | N-49 | Telephone conversation with Carey Price. |
| 38. | 2/03 | N-50 | Telephone conversation with Carey Price. |
| 39. | 2/03 | N-51 | Telephone conversation with Carey Price. |
| 40. | 2/03 | N-52 | Telephone conversation with Carey Price. |

| | | | |
|---|---|---|---|
| 41. | 3/03 | N-53 | Attempted telephone calls to (617) 201-0838. |
| 42. | 3/11/03 | N-54 | Telephone conversations with Carey Price. |
| 43. | 3/13/03 | N-55 | Telephone conversation with Mark Lance Jones. |
| 44. | 3/03 | N-56 | Telephone conversation with Mark Lance Jones. |
| 45. | 3/13/03 | N-57 | Telephone conversations with Mark Lance Jones. |
| 46. | 3/17/03 | N-58 | In-person meeting with Mark Lance Jones. |
| 47. | 3/17/03 | N-59 | Telephone conversations with Mark Lance Jones. |
| 48. | 3/19/03 | N-60 | In-person meeting with Mark Lance Jones. |
| 49. | 3/03 | N-61 | Telephone conversations with Carey Price. |
| 50. | 3/18/03 | N-62 | Telephone conversations with Marque Lyttle. |
| 51. | 3/18/03 | N-63 | Telephone conversation with Marque Lyttle. |
| 52. | 3/18/03 | N-64 | Telephone conversation with Carey Price. |
| 53. | 3/27/03 | N-65 | In-person meeting with Mark Lance Jones. |
| 54. | 7/23/03 | N-69 | Telephone conversation with Marque Lyttle. |
| 55. | 8/22/03 | N-70 | Telephone conversation with Marque Lyttle. |
| 56. | 10/6/03 | N-71 | In-person meeting with Mark Lance Jones. |
| 57. | 10/7/03 | N-73 | In-person meeting with Carey Price. |
| 58. | 10/7/03 | N-74 | In-person meeting with Carey Price. |
| 59. | 9-10/03 | N-77 | Compact disk of intercepted calls, and related line sheets, over Marque Lyttle's cellular telephone from 9/22/03 to 10/21/03. |
| 60. | 10/27/03 | N-81 | Videotape of in-person meeting with Mark Lance Jones. |

| | | | |
|---|---|---|---|
| 61. | 10/27/03 | N-82 | In-person meeting with Mark Lance Jones. |
| 62. | 10/03 | N-83 | Telephone conversations with Mark Lance Jones and Carey Price. |
| 63. | 10/27/03 | N-86 | Telephone conversations with Mark Lance Jones and Carey Price. |
| 64. | 10/28/03 | N-87 | Telephone conversations with Carey Price. |
| 65. | 10/28/03 | N-88 | In-person meeting with Carey Price. |
| 66. | 10/29/03 | N-90 | Videotape of in-person meeting with Mark Lance Jones. |
| 67. | 10/29/03 | N-91 | In-person meeting with Mark Lance Jones. |
| 68. | 10/29/03 | N-92 | Telephone conversations with Mark Lance Jones and Carey Price. |
| 69. | 11/15/03 | N-98 | Telephone conversations with Marque Lyttle. |
| 70. | 11/10/03 | N-101 | Telephone conversation with Mark Lance Jones. |
| 71. | 11/08/03 | N-102 | Telephone conversation with Mark Lance Jones. |
| 72. | 10-11/03 | N-104 | Compact disc of intercepted calls, and related line sheets, over Marque Lyttle's cellular telephone from 10/22/03 to 11/21/03. |
| 73. | 12/10/03 | N-106 | Videotape of in-person meeting between John Augustave and Michelle Evans. |
| 74. | 12/03 | N-107 | Compact disc of intercepted calls, and related line sheets, over John Augustave's cellular telephone from 12/2/03 to 12/30/03. |