FILED
Clerk's Office
USDC, Mass.
Date 2-13-07
By    mR
Deputy Clerk



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 19, 2006

Odin P. Anderson, Esquire
Anderson & Associates, PC
Four Longfellow Place, Suite 302
Boston, MA 02114

> Re: <u>United States v. Michelle Evans</u>
>     Criminal No. 05-10127-DPW

Dear Mr. Anderson:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Michelle Evans ("Evans"), in the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, Evans shall plead guilty to the following count of the indictment in the above-captioned action:

> Count 13 - Conspiracy To Distribute Cocaine and Cocaine Base, also known as "Crack" Cocaine, in violation of 21 U.S.C. § 846.

Evans expressly and unequivocally admits that she in fact knowingly, intentionally, and willfully committed the crime charged in Count 13 of the indictment, and is in fact guilty of that offense.

2. <u>Penalties</u>

Evans faces the following minimum mandatory and maximum penalties:

       Count 13:       A maximum of life imprisonment and a minimum mandatory term of 5 years' imprisonment, a term of supervised release of at least 4 years up to life, a fine of up to $2,000,000, and a $100 special assessment.

    Forfeiture to the extent charged in the Indictment.

    3.    <u>Sentencing Guidelines</u>

    The sentence to be imposed upon Evans is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

    The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

    <u>Base Offense Level</u>

    The parties agree to take the position that Evans is responsible for 5-20 grams of cocaine base, also known as "crack" cocaine, that the 5-year minimum mandatory provision is applicable, and that her Base Offense Level ("BOL") is 26.

    <u>Adjustments</u>

    The parties agree to take the position that Evans should receive a two-level reduction to her BOL, pursuant to U.S.S.G. § 3B1.2(b), based on her role as a minor participant in the offense conduct. Evans reserves the right to argue for a four-level reduction to her BOL, pursuant to U.S.S.G. § 3B1.2(a), based on the ground that she was a minor participant in the offense conduct. The U.S. Attorney reserves the right to oppose this request.

    Evans will take the position that the Court should apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) and impose a sentence without regard to the statutory minimum-mandatory sentence that is otherwise applicable in this case. Evans also will take the position that, pursuant to §2D1.1(b)(7)

of the Sentencing Guidelines, her offense level should be reduced by two levels.

The U.S. Attorney will recommend applying §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f) if the U.S. Probation Office finds that Evans meets the requirements of §5C1.2(1)-(4) and the U.S. Attorney finds that Evans has personally satisfied §5C1.2(5).

Evans recognizes and acknowledges that, if the Court declines to apply §5C1.2 of the Sentencing Guidelines and 18 U.S.C. §3553(f), Evans will not receive an additional two-level reduction pursuant to §2D1.1(b)(6) of the Sentencing Guidelines and she will receive a sentence at or above the statutory minimum-mandatory term of years.

The parties agree to take the position that no other adjustments are applicable.

Acceptance Of Responsibility

Based on Evans's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Evans's AOL under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing, Evans:

      (a)    Fails to admit a complete factual basis for the plea;

      (b)    Fails to truthfully admit her conduct in the offenses of conviction;

      (c)    Falsely denies, or frivolously contests, relevant conduct for which Evans is accountable under U.S.S.G. § 1B1.3;

      (d)    Fails to provide truthful information about her financial status;

      (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Evans is accountable under U.S.S.G.

§ 1B1.3;

(f) Engages in acts which form a basis for finding that Evans has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw her guilty plea.

Evans expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Evans expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Evans obstructs justice after the date of this Agreement.

Departures/Deviations

The U.S. Attorney and Evans are unaware at this time of any basis for a departure from the advisory sentencing range established by the United States Sentencing Guidelines, except as set forth herein and in ¶ 7 below. Evans reserves the right to argue for a downward departure and/or deviation from the advisory guideline range based on family circumstances. The U.S. Attorney reserves the right to oppose this argument. In the event that either the U.S. Attorney or Evans subsequently learns that there is any other basis for moving for a departure and/or deviation, that person will file a motion for departure with any supporting memorandum, or a sentencing memorandum, not less than fourteen days before sentencing. Any basis with respect to which a motion for departure, or a sentencing memorandum, has not been filed at least fourteen days before sentencing is hereby expressly waived and cannot be argued at the time of sentencing.

4. Sentence Recommendation

Absent the filing of a motion pursuant to U.S.S.G. § 5K1.1

and/or 18 U.S.C. § 3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a) A term of incarceration within the applicable Guideline Sentencing Range but not below any applicable minimum mandatory sentence;

    (b) A term of supervised release of 4 years;

    (c) A fine within the applicable fine range unless the Court finds that Evans is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (d) Forfeiture as set forth in paragraph 9; and

    (e) A mandatory special assessment of $100.

Evans agrees that she will provide to the U.S. Attorney expert reports, medical records, psychiatric records, and supporting documentation of any kind on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, medical records, psychiatric records, and supporting documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Evans's sentence, the U.S. Attorney reserves his right to argue the correctness of Evans's sentence and the manner in which the District Court determines it.

    5. <u>Payment of Mandatory Special Assessment</u>

Evans agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Evans establishes to the satisfaction of the Court that Evans is financially unable to do so.

    6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Evans is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Evans is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

5

In consideration of the concessions made by the U.S. Attorney in this Agreement, Evans knowingly and voluntarily waives her right to appeal or collaterally challenge Evans's guilty plea and any other aspect of Evans's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues. This appeal waiver shall not apply to collateral challenges based on a claim of ineffective assistance of counsel.

In the event that the U.S. Attorney files a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), and the Court grants the motion and does, in fact, depart downward on that basis, Evans knowingly and voluntarily waives her right to appeal or collaterally challenge the sentence imposed by the Court.

Evans's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his right to appeal the sentence imposed by the Court.

7. Cooperation

   a. Terms of Cooperation

Evans agrees to cooperate fully with law enforcement agents and government attorneys. She must provide complete and truthful information to all law enforcement personnel. If her testimony is requested, she must testify truthfully and completely before any grand jury, and at any hearing and trial. Evans must answer all questions put to her by any law enforcement agents or government attorneys and must not withhold any information. She must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, she must furnish all documents, objects and other evidence in her possession, custody or control that are relevant to the government's inquiries.

Evans understands that she has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which she has been charged. To facilitate her cooperation, Evans hereby knowingly and

6

voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Evans or her counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Evans waives any rights she may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Evans's cooperation is complete. Evans understands that the date of Evans's sentencing is within the sole discretion of the Court and that this Agreement may require Evans's cooperation to continue even after Evans has been sentenced. Evans's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Evans.

      b.    Substantial Assistance Motion

In the event that Evans provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Evans has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Evans violates any condition of her pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date she signs this Agreement. The U.S. Attorney reserves the right, in his sole discretion, to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e). Evans may not withdraw her plea if the U.S. Attorney determines that Evans has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e), or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

### c. Sentence Recommendation with Substantial Assistance

If Evans provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Evans.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Evans's sentencing.

### d. Letter Immunity

In return for Evans's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Evans pursuant to this Agreement or pursuant to the proffer letter dated November 15, 2005 (or any information directly or indirectly derived therefrom) against Evans in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that, at the time of sentencing, information provided by Evans pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Evans or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Evans has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Evans for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Evans faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Evans's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Evans may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Evans withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Forfeiture</u>

Evans will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of her guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

Evans admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Evans's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Count 13 of the indictment. Evans therefore consents to the forfeiture of all of Evans's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Evans agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Evans shall promptly take whatever steps are deemed necessary by the U.S. Attorney, the U.S. Marshals Service, and the U.S. Drug Enforcement Administration to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the

government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

Evans hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Evans cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Evans up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Evans shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Evans currently has any legal or beneficial interest, and all assets over which Evans has exercised control, or has had any legal or beneficial interest, at any time from December 1, 2003 to the present. At the request of the U.S. Attorney, Evans further agrees to be deposed with respect to Evans's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Evans's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Evans, nor shall the forfeitures be used to offset Evans's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Evans hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions

of this section.

Evans hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10. <u>Information For Presentence Report</u>

Evans agrees to provide all information requested by the U.S. Probation Office concerning her assets.

11. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Evans may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

12. <u>Rejection of Plea By Court</u>

Should Evans's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Evans, this Agreement shall be null and void at the option of the U.S. Attorney.

13. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Evans has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Evans, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Evans recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Evans understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Evans before any grand jury, at any trial or hearing, or for sentencing purposes, any

statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, or pursuant to the proffer agreement dated November 15, 2005, without any limitation. In this regard, Evans hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

14. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated November 15, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated November 15, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Evans, please have Evans sign the Acknowledgment of Agreement below. Please also sign below as Witness and return the original of this letter to Assistant U.S. Attorneys Michael J. Pelgro and/or David G. Tobin.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

MICHAEL J. PELGRO
DAVID G. TOBIN
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Michelle Evans
Defendant

Date: 2-13-07

I certify that Michelle Evans has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Odin P. Anderson, Esq.
Attorney for Michelle Evans

Date: 2/13/07